```
     IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
        MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

UNITED STATES OF AMERICA,  )
                           )
     Plaintiff,            )
                           )   CIVIL ACTION NO.
     v.                    )     2:24cv613-MHT
                           )         (WO)
$4,316.00 IN UNITED        )
STATES CURRENCY,           )
                           )
     Defendant.            )
```

OPINION AND ORDER

Before the court is the government's motion for default judgment and decree of forfeiture as to defendant $ 4,316.00 in United States Currency. The government seeks forfeiture based on its assertion that the defendant currency is connected to violations of 21 U.S.C. § 841 and 21 U.S.C. § 846 because it was used or intended to be used to facilitate illegal drug activity or is traceable to proceeds from illegal drug activity.

The clerk of court previously entered default against the defendant currency and all individuals with an interest in it. *See* Entry of Default (Doc. 13). After

the entry of default, the government filed the pending motion for default judgment and decree of forfeiture. Because the allegations in the complaint are undisputed and verified, *see* Verified Complaint (Doc. 1), a hearing is not necessary to enter or effectuate a default judgment.  *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).  Jurisdiction is proper pursuant to 28 U.S.C. § 1345 (United States as plaintiff) and 28 U.S.C. § 1355(a) (forfeiture).  For the reasons set forth below, the government's motion is granted.

## I.   STANDARD FOR DEFAULT JUDGMENT

"When a defendant has failed to plead or defend, a district court may enter judgment by default."  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)). Importantly, a defendant's default does not by itself warrant the court entering a default judgment.  There must be a sufficient basis in the pleadings for the judgment entered.  *See Nishimatsu Constr. Co. v. Houston*

*Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).* That is, for a court to enter default judgment, it must conclude that, taking all the plausible allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, the allegations would amount to a claim upon which relief may be granted. *See Surtain*, 789 F.3d at 1245.

## II. FACTUAL BACKGROUND

The factual allegations of the complaint establish the following.

In August and September 2020, with authorization from a United States District Judge, agents in the Drug Enforcement Administration intercepted communications in which Deneco Nettles supplied cocaine to an associate. Around three years later, on September 12, 2023, a grand jury indicted Nettles and others for violations of 21

---

\* In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

U.S.C. § 846 due to their participation in illegal drug activity.  A federal arrest warrant was then issued.

On October 25, 2023, the U.S. Marshals Service executed the warrant on Nettles at a residence in Montgomery, Alabama.  During the search incident to arrest, agents found $ 4,316.00 in Nettles's front pocket.  Nettles was processed and transferred to a federal detention facility.

Task Force Officer Tyler Delashaw then contacted the Alabama Department of Industrial Relations, which informed him that Nettles has no reported employment history in the State of Alabama.  Based on this information, along with Nettles's history of drug-related arrests and the 2020 intercepted communications of Nettles engaging in illegal drug activity, agents seized the defendant $ 4,316.00 as proceeds of illegal drug activity.

Nettles later pleaded guilty to violations of §§ 841 and 846 based on the 2020 activity, and was sentenced to

4

18 months' imprisonment and three years of supervised release.

### III.  PROCEDURAL REQUIREMENTS

In order to prevail on a default-judgment motion, the moving party must properly effectuate service of process.  Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions sets forth the notice requirements for civil forfeiture actions.  Generally, under this rule, the government must provide notice by publication and direct notice to any person who reasonably appears to be a potential claimant on the facts known to the government at the time of filing.  *See* Fed. R. Civ. P. Supp. Admiralty and Maritime Claims Rule G(4).

The government satisfactorily established that it met these requirements in its application for entry of default against Nettles and all other persons having an interest in the defendant currency.  Specifically, the government personally served Nettles as well as the person to whom he assigned his power of attorney.  The

5

government also published notice of the forfeiture action on an official government website.

The time period to contest the forfeiture of the defendant has expired, and no extensions to these time periods have been requested, consented to, or granted by this court. No person or entity has filed a claim to the defendant currency.

## IV. DISCUSSION

Based on the factual allegations discussed above, the government now seeks forfeiture of the defendant currency pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C). *See Motion for Default Judgment and Decree of Forfeiture* (Doc. 14) at ¶ 1.

Section 881(a)(6) authorizes the forfeiture of "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of ... [21 U.S.C. §§ 801-865], all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and

6

securities used or intended to be used to facilitate any violation of ... [21 U.S.C. §§ 801-865]." Section 981(a)(1)(C) authorizes the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to" drug-distribution offenses.

Generally, to establish a claim for civil forfeiture, the government must prove by a preponderance of the evidence that the property sought is subject to forfeiture. *See* 18 U.S.C. § 983(c)(1) and (2). To demonstrate that property is subject to forfeiture under § 881(a)(6), "the government must present evidence...that a substantial connection exists between the property to be forfeited and an illegal exchange of a controlled substance." *United States v. $121,100.00 in U.S. Currency*, 999 F.2d 1503, 1506 (11th Cir. 1993).

When determining whether a substantial connection exists between the property sought to be forfeited and an illegal exchange of a controlled substance, a court must consider the totality of the circumstances. *See*

7

*United States v. $183,791.00 in U.S. Currency*, 391 F. App'x 791, 794 (11th Cir. 2010) (citing *$121,100.00 in U.S. Currency*, 999 F.2d at 1507).  Moreover, "[a]bsent some evidence connecting specifically to illegal drugs even a large sum of money, there is no reasonable basis for believing that the money is substantially linked to an illegal exchange of a controlled substance". *$121,100.00 in U.S. Currency*, 999 F.2d at 1506 (citing *United States v. $4,255,625.39,* 762 F.2d 895, 903 (11th Cir. 1985)).

The court finds that the facts pleaded in the complaint, if proven, would be sufficient to establish a connection between the money found in Nettles's pocket and illegal drug activity.  First, law enforcement had intercepted communications showing that Nettles was involved in illegal drug activity as recently as 2020.  Second, he was convicted for the 2020 drug offense.  Most importantly, law enforcement found $ 4,316.00--a significant sum of money-- in Nettles's front pocket at the time of his arrest in 2023, but the Alabama Department

of Industrial Affairs had no record of Nettles being employed. Of course, Nettles's lack of reported employment at the time of his arrest does not preclude the possibility that he obtained the sum of money through a legitimate source, such as off-the-record employment, savings, or as a gift or loan. However, given Nettles's fairly recent history of drug distribution activities, the large amount of cash and the place he was carrying it raise suspicion about the source of the money.

People involved in legal activities generally do not carry thousands of dollars in the pockets of their clothing, but those involved in drug dealing often do. And though Nettles had the opportunity to contest the forfeiture and show that the money had a legitimate source, he failed to do so. In the absence of such information, it appears more likely than not that the defendant currency was substantially connected to illegal drug activity.

In sum, considering the totality of the circumstances, the court finds that the defendant currency meets the requirements for forfeiture under § 881(a)(6) because it is more likely than not proceeds from the sale of drugs, money intended to be used for the purchase of drugs, or money intended to be used to facilitate a drug transaction in violation of §§ 841 and 846.

Accordingly, it is ORDERED that the government's motion for default judgment and decree of forfeiture (Doc. 14) is granted.

An appropriate default judgment will be entered.

DONE, this the 29th day of September, 2025.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE